## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PLASTIC RECOVERY TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 8995 |
| ROBIN PEARSON, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robin Pearson's (Pearson)

motion to dismiss and motion, in the alternative, to transfer the instant action. For

the reasons stated below, the motion to transfer is granted, and the motion to dismiss

is denied in part as moot and denied in part without prejudice.

## BACKGROUND

In December 2009, Plaintiff Plastic Recovery Technologies, Inc. (Plastic)

allegedly reached out to Pearson and extended a loan (Loan) of $198,950.50 to

Pearson, who is a resident of South Carolina. Plastic allegedly extended the Loan to

Pearson so that Pearson could acquire properties with existing homes, improve those properties, and sell the properties at a profit. In exchange for the Loan, Pearson allegedly agreed to repay the Loan and to pay an additional ten percent of the Loan amount with the profits from the rehabilitation projects. In 2010, Pearson allegedly rehabilitated and sold a property in Georgia and a property in South Carolina for a total profit of $40,000. In early 2011, Pearson allegedly informed Plastic that Pearson had decided to use the remaining Loan funds to buy vacant lots and build and sell new homes on the lots. Plastic contends that it informed Pearson that Plastic did not agree with that investment strategy. Plastic then allegedly demanded immediate repayment of the Loan. Pearson has allegedly refused to communicate with Plastic or to make any payment to Plastic towards the Loan. In the complaint, Plastic includes a breach of contract claim (Count I), a claim brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/12 *et seq.* (Count II), and a common law fraud claim (Count III). Pearson now moves to dismiss the instant action and moves, in the alternative, to transfer the instant action to the District of South Carolina.

## DISCUSSION

Pearson moves in part to dismiss, arguing that the statute of frauds bars certain

claims and arguing, in addition, that this court lacks personal jurisdiction over her. Pearson also moves, in the alternative, to transfer the instant action to the District Court of South Carolina. This court is not required to resolve the personal jurisdiction issue prior to a transfer. *See, e.g., Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)(stating that "under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants").

If the Northern District of Illinois is a proper venue, a transfer is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* If the Northern District of Illinois is not a proper venue, this court may still transfer the instant action pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*

I. Plaintiff's Choice of Forum

Plastic argues that its choice of forum is entitled to deference. In considering

whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The record reflects that this case has minimal connections with Illinois. Plastic does not dispute that it was Plastic that reached out to Pearson, a South Carolina resident, and contracted with her to perform work in or near South Carolina. In accordance with the alleged agreement between the parties, Pearson completed projects on properties located in South Carolina and Georgia. Pearson now has allegedly begun a program of purchasing vacant properties in that area and is building new homes on the properties and then selling the properties. The only connection with Illinois in this case is that Plastic is located in Illinois and that Plastic sent Pearson the Loan funds from Illinois.

Plastic has attached to the complaint some emails exchanged between the parties. Plastic also makes a conclusory reference to some negotiations that its employees conducted via email with Pearson while the employees were located in Illinois and Pearson was located in South Carolina. (Ans. 2, 4). However, Plastic

has not provided any detailed facts concerning such alleged activities in Illinois and has not presented with its opposition to the instant motion any affidavits or evidentiary support that indicates such activities occurred in Illinois. In the complaint, Plastic makes no reference to any negotiations that occurred in Illinois. Plastic indicates that the work done or not done pursuant to the alleged agreement between the parties occurred or did not occur in or near South Carolina. The funds were sent to Pearson in South Carolina and the funds are being utilized by Pearson in that area. The record thus indicates that the funds are located in that area, and Plastic has not presented any evidence to suggest otherwise. In addition, the record indicates that any properties purchased by Pearson with Loan funds that Plastic may seek to encumber or liquidate as part of a repayment of the Loan are located in or near South Carolina. While the court has given substantial deference to Plastic's choice of the instant forum, Plastic's choice is not dispositive, particularly in a case such as this where Plastic has not shown that there is any significant connection to Illinois.

## II.  Convenience of Parties and Witnesses

Plastic argues that the convenience of the parties and witnesses are equally impinged depending on whether this action proceeds in Illinois or South Carolina.

However, the record clearly shows that the majority of witnesses would be located in or near South Carolina. Plastic has not presented any affidavit or evidence indicating that any material witness would be located in Illinois. On the other hand, based on Plastic's own allegations, it is apparent that Pearson and other material witnesses are located in or near South Carolina. In addition, evidence and witnesses relating to the properties that Pearson has purchased and developed or rehabilitated are located in South Carolina. Further, to the extent that Plastic will seek to obtain the remaining funds from the Loan possessed by Pearson or seek the liquidation of properties purchased with Loan funds, any potential witnesses and evidence relating to such matters would be located in South Carolina. Based upon the record and Plastic's own allegations, the convenience of the parties and witnesses clearly would be best served if this case proceeded in South Carolina.

III.  Interest of Justice

Plastic argues that the interest of justice would be promoted by proceeding in Illinois. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4)

whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21, 21 n.4 (7th Cir. 1986).  In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221.  The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim.  *Id.*

The record indicates that this action can be resolved in a more efficient manner in South Carolina, where the funds and properties at issue are most likely located.  In addition, Plastic does not dispute that it was Plastic that reached out to Pearson in South Carolina to offer the Loan.  The Loan was extended to enable Pearson to engage in property rehabilitation in or near South Carolina.  Pursuant to the alleged agreement between the parties, Plastic was supposed to receive payments from the profits of the work done in or near South Carolina.  There is a definite local interest in South Carolina in resolving the contractual issues concerning property rehabilitation and development done in that area.  In addition, the close proximity of evidence and witnesses will enable the court in South Carolina to efficiently administer justice.  Thus, the interest of justice factor clearly favors a transfer.

Under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), a transfer of this

case to the District of South Carolina is clearly warranted. Considering the factors

under 28 U.S.C. § 1404(a), Plastic's choice of Illinois is entitled to limited deference

given this case's limited connections to Illinois. The convenience of the parties and

witnesses clearly would be best served by a transfer. Considering the interest of

justice factor under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), the interest of

justice is clearly served by a transfer to South Carolina, where there are close ties to

this action and where this action can be most effectively and efficiently resolved.

*See, e.g., Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 n.5 (4th Cir.

1993)(stating that "[t]he analysis of whether a transfer is 'in the interest of justice' is

the same under section 1404(a) as it is under section 1406(a)"). Therefore, based on

the above, Pearson's motion to transfer to the District of South Carolina is granted.

Pearson's motion to dismiss based on lack of personal jurisdiction is denied as moot,

and the motion to dismiss based on the statute of frauds is denied without prejudice.

**CONCLUSION**

Based on the foregoing analysis, Pearson's motion to transfer is granted.  The

motion to dismiss based on lack of personal jurisdiction is denied as moot, and the

motion to dismiss based on the statute of frauds is denied without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 23, 2012